tor of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

MAX LANDAU & CO. ET AL. *v.* UNITED STATES

No. 7894.

Entry No. 712892, etc.

(Decided October 20, 1950)

*Lane, Young & Fox (William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,* 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

L. A. SCHWOB ET AL. *v.* UNITED STATES

No. 7895.

Entry No. 36143, etc.

(Decided October 23, 1950)

*Lane, Young & Fox (William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

## THE KILDALL COMPANY v. UNITED STATES

No. 7896.

Entry No. 198.

(Decided October 24, 1950)

Plaintiff not represented by counsel.

*David N. Edelstein*, Assistant Attorney General (*John J. Antus* and *Jerome Vale*, special attorneys), for the defendant.

FORD, Judge: The question involved in this appeal for reappraisement is the proper value of certain imported sardines in oil, which were exported from Norway and entered at the port of Minneapolis, Minn. The merchandise was entered at $14 per case, less 5 per centum commission, less an item of $13.45 covering loading and port charges, and was appraised at invoice unit value per case, less the above item of loading and port charges.

The only question litigated in this case was whether or not the 5 per centum commission was a dutiable item to be included as a part of the value of the merchandise. The plaintiff offered evidence tending to establish that its competitors were importing sardines such as and similar to those here involved from the same shipper and at approximately the same date, which were invoiced, entered, and